

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter Murchison
County Attorney
Haskell County
Haskell, Texas

Dear Sir:

Opinion No. O-2537
Re: Moving buildings from one
elementary district to another
within a Rural High School
District without consolidation
or abolition.

   We are in receipt of your letter of July 10, 1940,
which reads in part as follows:

   "I have received the above numbered opinion
(O-2493) rendered by you in response to my request
of June 25, 1940, and in this same connection I
would submit another question to your department,
the question being as follows, to wit:-

   "Does the Board of Trustees of a Rural High
School District, to wit, the Weinert Rural High
School District, have the authority to remove
the school building belonging to the Pleasant
View Common School District, a district includ-
ed in said Rural High School District, from
said Common School District to Weinert to sup-
plement the housing facilities now available
there without abolishing the Pleasant View Com-
mon School District by election or otherwise?

   "* * *

   "The further question then arises in the
present case whether said Board of Trustees of
the Weinert Rural High School District have the
authority upon removal of said building or prior
thereto, if they have the power to remove in the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Walter Murchison, Page 2

first place without abolition or consolidation
of the elementary district, to tear down said
elementary school building and use the materials
or to attach it as an integral part to another
building or buildings?"

In our Opinion No. O-2493 we ruled that under the
provisions of Article 2922f, Revised Civil Statutes, 1925,
an elementary school district within a rural high school
district may be discontinued by the rural high school dis-
trict trustees and consolidated with another district within
the rural high school district for elementary purposes with-
out the necessity of holding an election when the school
within the elementary district fails to have an average daily
attendance the preceding year of at least 20 pupils. We
further ruled that after such discontinuance by the local
board and consolidation of the district with another by the
county school board it would be within the authority granted
the local board of trustees to remove the building in the
elementary district to supplement the housing facilities of
the district as consolidated. In view of difficulties which
might arise upon the complete dissolution of the rural high
school district, we suggested, as a matter of precaution,
the rural high school board should make some provision to
protect and preserve any property rights which the original
elementary district might have.

It has been suggested that the board of trustees
of a rural high school district has the authority to do the
acts set out in the additional questions, based upon an
inference drawn from the court's qualification in Chastain
v. Mauldin (T. C. A. 1930) 32 S. W. (2d) 235, quoted in
our Opinion No. O-2493. The language referred to reads as
follows:

"The point is made in appellees brief that the
building may be returned or a new one erected when-
ever the necessity arises. The trustees of the
grouped district have the management and control
of the building in question, and we do not hold
that they are without authority under proper safe-
guards for its return or replacement to remove it
temporarily to the Grosvenor district. That ques-
tion, however, is not presented by the pleadings
or proof before us. The case as made by the record

Hon. Walter Murchison, Page 3

> presents only the question of the power of the
> Grosvenor trustees to _convert_ the school building
> of the Panther Creek district."   (Underscoring ours)

In the Chastain case the court was careful to point
out that so long as the various elementary districts within
the grouped rural high school district maintained their
separate identity, the property and funds of the various
districts should be maintained and not diverted from one
district to another or to the grouped district.  The court
directly held:

> "The trustees of the grouped district
> were invested with the power and charged
> with the duty of conducting schools and of
> administering all school property and funds
> of all the districts within the boundaries of the
> consolidated districts.  But they did not have
> the right to divert property or funds of one
> district to another, or to the grouped district.
> This is clearly the holding in the McPhail case.
> It follows that they did not have the power to
> remove the school building of the Panther Creek
> district to the Grosvenor district, as that
> would have been a diversion of the property
> from its proper purpose and object.  The only
> consolidation effected by the grouping was
> that of the funds collected from taxation for
> general maintainance.  The ownership of such
> school buildings of the several districts
> remained the property of those districts and
> could not be divested or impaired by the
> trustees of the grouped district.  We believe
> and so hold that in attempting to remove the
> school building the trustees were about to
> perform a wholly unauthorized act."

The trustees of a rural high school district, it is
true, have control and management of the schools and buildings
in the various districts making up the group, and under their
general powers, the court recognized that circumstances might
arise wherein it would be within their power to "temporarily"
remove a building or other property from an existing elemen-
tary district.  However, to extend the inference drawn from
this dictum so as to authorize the board to do that which is
suggested by the additional questions would be practically to
nullify the direct holding of the court.

We have examined the records before the court in that case and the facts now before us are practically the same as those which the court characterized as a conversion of the school building of the Panther Creek district.

With the same qualifications recognized by the court in Chastain v. Mauldin, supra, each of the foregoing questions are answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack,*
Cecil C. Cammack
Assistant

CCC:rw

APPROVED JUL 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN